# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHARON BROWN, *et al.*, | : |
|     Plaintiffs, | : |
| | : |
| v. | :    CIVIL ACTION NO. 18-CV-4540 |
| | : |
| ARC COMMUNITY TRUST | : |
| OF PA, *et al.*, | : |
|     Defendants. | : |

**MEMORANDUM**

TUCKER, J.                                                                                    OCTOBER 26, 2018

      *Pro se* Plaintiffs Sharon Brown, Shamar Brown, and Anthony Brown have filed this civil action against the ARC Community Trust of PA, Scott Camilleri, Valerie Graham-Rime, Julia Vanduyne-King, Andrew Coyle, Millie Mitchell, Deborah McCormick, Mary Largent, and Marie DiGiovanni. (ECF No. 4.) They have each filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF Nos. 1, 2, 3.) For the following reasons, the Court will grant the Browns leave to proceed *in forma pauperis* and dismiss their Complaint with leave to amend.

**I.    FACTS**

      In their Complaint, the Browns state that on May 31, 2018, one of them "was at work when Deborah McCormick and Marie DiGiovanni came to the home where Shamar and [the individual reside] with two men." (Compl. at 6.)[1] The men "used the neighbor['s]s yard to enter the premises. One went into the bushes, while the other [tried] to pick the lock to enter the house." (*Id.*) The Browns allege that they experienced "fear, anxiety & stress" because of these events. (*Id.* at 7.)

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

ENT'D OCT 26 2018

The Browns state that they are raising claims of "mismanagement, discrimination (race & age), conflict of interest, theft, [health] issue, education problem, and anxiety. Attemp[t] to break[] and enter[] & fraud[.] Violation of our civil rights." (*Id.* at 5.) As relief, they seek to have Shamar Brown's trust terminated, and for the ARC Community Trust to be removed from the title of their residence. (*Id.* at 7.) They also ask for $100 million "in compensation for [loss] & suffering." (*Id.*)

## II. STANDARD OF REVIEW

The Court will grant the Browns leave to proceed *in forma pauperis* because it appears that they are incapable of paying the fees to commence this civil action. Accordingly, the Court is required, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As the Browns are proceeding *pro se*, the Court construes their allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if

2

any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III. DISCUSSION

In the section of the form complaint asking the Browns to describe the basis for their claims, they write, *inter alia*, "discrimination (race & age)" and "violation of our civil rights." (Compl. at 5.) Thus, the Court construes the Browns' Complaint to be brought pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). At this time, the Browns have failed to set forth a plausible claim for relief under § 1983.

First, the Browns' Complaint, as pled, is vague and fails to "provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian*, 2017 WL 3494219, at *3. It is not enough for the Browns to allege a constitutional violation. Rather, they must tell the Court what happened, who did what, and why they believe they were discriminated against. Moreover, at this time, the Court cannot discern whether Defendants could be considered state actors subject to liability under § 1983. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011).

3

The Browns also appear to seek to hold the Defendants liable for "attempt[ting] to break[] and enter[]." (Compl. at 5.) To the extent the Browns are seeking relief under criminal statutes, such statutes generally do not provide a basis for civil liability. *See Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.]"). Thus, any claims brought pursuant to criminal statutes are subject to dismissal.

To the extent the Browns are asserting tort claims under state law against the Defendants, the only basis for the Court to exercise subject matter jurisdiction over such claims is pursuant to 28 U.S.C. § 1332(a), which grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." While the Browns request over $75,000.00 in damages, their Complaint fails to establish that the parties are citizens of different states for purposes of § 1332.

An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). The Browns Complaint indicates that they are citizens of Pennsylvania. However, they have provided Pennsylvania addresses for several of the Defendants, and also state that the Defendants are citizens of Pennsylvania, Georgia, New Jersey, New York, California, and Wisconsin. (*See* Compl. at 5-6.) Moreover, the Complaint is devoid of information regarding the ARC Community Trust's business form, *i.e.*, whether it is a non-profit corporation or another type of business organization, which is necessary for determining its citizenship. *See, e.g.*, 28 U.S.C. § 1332(c)(1) (a corporation is a citizen of the state in which it was incorporated as well as the state where it has its principal place of business); *Lincoln Ben.*

*Life Co. v. AEI Life, LLC*, 800 F.3d 99, 107 (3d Cir. 2015) (a plaintiff may allege that an unincorporated association is not a citizen of plaintiff's state of citizenship as long as plaintiff has conducted a reasonable investigation into the matter); *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) ("[T]he citizenship of partnerships and other unincorporated associations is determined by the citizenship of its partners or members."). Thus, it appears that diversity jurisdiction does not exist.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant the Browns leave to proceed *in forma pauperis* and dismiss their Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as well as Rule 8 of the Federal Rules of Civil Procedure, and for lack of subject matter jurisdiction. In light of the Browns' *pro se* status, this dismissal will be without prejudice to their right to file an amended complaint in the event that they can cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

BY THE COURT:

_____
**PETRESE B. TUCKER, J.**