# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHARON BROWN, *et al.*, : | |
| Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. 18-CV-4540 |
| : | |
| ARC COMMUNITY TRUST : | |
| OF PA, *et al.*, : | |
| Defendants. : | |

**FILED**
DEC 06 2018
KATE BARKMAN, Clerk
By_____ Dep. Clerk

**MEMORANDUM**

**TUCKER, J.**                                                                                           NOVEMBER 30, 2018

On October 23, 2018, *pro se* Plaintiffs Sharon Brown, Shamar Brown, and Anthony Brown filed this civil action against the ARC Community Trust of PA, Scott Camilleri, Valerie Graham-Rime, Julia Vanduyne-King, Andrew Coyle, Millie Mitchell, Deborah McCormick, Mary Largent, and Marie DiGiovanni. (ECF No. 4.) They also each filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF Nos. 1, 2, 3.) By Memorandum and Order entered on October 26, 2018, the Court granted the Browns leave to proceed *in forma pauperis* and dismissed their Complaint. (ECF Nos. 6, 7.) Specifically, the Court noted that: (1) the Complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure; (2) nothing in the Complaint suggested that the Defendants could be considered state actors subject to liability under 42 U.S.C. § 1983; (3) any attempt to seek relief under criminal statutes failed because criminal statutes generally do not provide a basis for civil liability; and (4) the Court did not appear to have diversity jurisdiction over any state law tort claims. (ECF No. 6 at 3-5.) The Court gave the Browns leave to file an amended complaint. (*Id.* at 5.)

On November 26, 2018, the Court received an Amended Complaint that was signed by Sharon Brown only.[1] (ECF No. 8.) In the caption, the named Defendants are listed as the ARC Community Trust of PA, Scott Camilleri, Marie DiGiovanni, Deborah McCormick, Millie Milchele, Karen Connor, Sherry Moore, Valrie Graham-Rimes, Julia Vandyke-King, Andew Coyle, and Mary Largent. Given that Shamar Brown and Anthony Brown did not sign the Amended Complaint, they will be dismissed without prejudice as Plaintiffs.[2] For the following reasons, the Court will dismiss the Amended Complaint.

## I. FACTS

The Amended Complaint consists of 104 pages, the majority of which are exhibits. These exhibits, many of which are copies of emails, indicate that Sharon Brown is a Co-Trustee for the Shamar Brown Special Needs Trust. She alleges that the ARC Community Trust has "refuse[d] to comply with [a] court agreement to distribute [a] monthly allowance/stipen[d] to Shamar." (Am. Compl. at 3.)[3] Sharon Brown states that the trust was established to "take care of Shamar['s] monthly bills & to pay his tuition (college) for five years starting from 9/16 to 6/20." (*Id.*) The money was to be paid directly to Sharon Brown "to help with expenses." (*Id.*)

---

[1] The signature on the Amended Complaint matches the signature on the Motion for Leave to Proceed *In Forma Pauperis* filed by Sharon Brown.

[2] As a non-attorney proceeding *pro se*, Sharon Brown cannot represent Shamar and Anthony in this matter or raise claims on their behalf. *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) ("[A] plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim (quotations omitted)); *Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) (holding that a non-attorney parent could not proceed *pro se* on behalf of his children in federal court); *People ex rel. Snead v. Kirkland*, 462 F. Supp. 914, 917-18 (E.D. Pa. 1978) (*pro se* plaintiff may represent himself with respect to his individual claims, but cannot act as an attorney for others in a federal court).

[3] The Court uses the pagination assigned to the Amended Complaint by the CM/ECF docketing system.

2

On January 18, 2018, Marie DiGiovanni called Sharon Brown and accused her of stealing from the trust. (*Id.*) On May 31, 2018, while Sharon Brown was at work, Marie DiGiovanni and Deborah McCormick came to her house with two men "and started to pick the lock to the front door." (*Id.*) When they saw the security camera, they "stop[ped] and bang[ed] on [her] neighbor's door." (*Id.*) According to Sharon Brown, Shamar was asleep and "w[o]ke up to the door forcing to open." (*Id.*) The neighbor saw what happened "and the cam[e]ra pick[ed] up what was about to happen." (*Id.*)

In June of 2018, DiGiovanni told a former attorney that Sharon Brown was stealing from the trust. (*Id.*) Sharon Brown hired a civil attorney. (*Id.*) DiGiovanni refused to talk to the attorney and told the attorney that Sharon Brown was stealing from the trust. (*Id.*)

Sharon Brown alleges that because of the Defendants' actions, she has suffered "stress from constant harassment." (*Id.* at 4.) She also has suffered anxiety, an inability to concentrate, lack of sleep, heart palpitations, and high blood pressure. (*Id.*) She claims that the Defendants have violated her civil rights and that they attempted to break into and enter her home. (*Id.*) She also appears to suggest that they have committed fraud. (*Id.*) As relief, she seeks termination of the trust, relinquishment of all claims to the property "that is own[ed] by Shamar Brown and listed in [her] name," and $100 million. (*Id.*)

## II. STANDARD OF REVIEW

As noted above, the Court previously granted Sharon Brown leave to proceed *in forma pauperis*. Accordingly, the Court is required to dismiss the Amended Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236,

240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Sharon Brown is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

As noted above, Sharon Brown claims that the Defendants have violated her civil rights. Thus, the Court construes the Amended Complaint to be brought pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). However, there is no basis for concluding that any of the Defendants are state actors subject to liability under § 1983. *See Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) ("[W]e have explained that the principal question at stake [in determining whether a private actor can be considered to have acted under color of state law] is whether there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." (quotations and alteration omitted)). Accordingly, any claims brought pursuant to § 1983 will be dismissed.[4]

---

[4] Moreover, even if the Amended Complaint suggested that the Defendants are state actors, Sharon Brown could not pursue any claims on behalf of the trust *pro se*. *See Marin v. Leslie*, 337 F. App'x 217, 219-20 (3d Cir. 2009) (per curiam).

4

Sharon Brown also appears to seek to hold the Defendants liable for "attempt[ing] to break & enter." (Am. Compl. at 4.) As the Court previously informed her, however, criminal statutes generally do not provide a basis for civil liability. *See Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.]"). Thus, any claims brought pursuant to criminal statutes are subject to dismissal.

Sharon Brown also appears to be asserting tort claims under state law against the Defendants. Because the Court has dismissed any federal claims, the Court will not exercise supplemental jurisdiction over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). While Sharon Brown seeks $100 million in damages, the Amended Complaint suggests that all of the individual Defendants, as well as Brown herself, are citizens of Pennsylvania. Moreover, the Amended Complaint is again devoid of any information regarding the ARC Community Trust's business form, *i.e.*, whether it is a non-profit corporation or another type of business organization, which is necessary for determining its citizenship. *See, e.g.*, 28 U.S.C. § 1332(c)(1) (a corporation is a citizen of the

state in which it was incorporated as well as the state where it has its principal place of business); *Lincoln Ben. Life Co.*, 800 F.3d at 107 (a plaintiff may allege that an unincorporated association is not a citizen of plaintiff's state of citizenship as long as plaintiff has conducted a reasonable investigation into the matter); *Zambelli Fireworks Mfg. Co.*, 592 F.3d at 420 ("[T]he citizenship of partnerships and other unincorporated associations is determined by the citizenship of its partners or members."). Accordingly, Sharon Brown has failed to meet her burden of demonstrating that this Court has subject matter jurisdiction over any state law tort claims she may be raising. *See Lincoln Ben. Life Co.*, 800 F.3d at 105 ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Shamar Brown and Anthony Brown as co-Plaintiffs. The Court will also dismiss the Amended Complaint. Any claims brought pursuant to 42 U.S.C. § 1983 will be dismissed with prejudice. Any state law claims will be dismissed without prejudice for lack of subject-matter jurisdiction. Sharon Brown may not file a second amended complaint in this matter. An appropriate Order follows.

**BY THE COURT:**

*/s/ Petrese B. Tucker*

**PETRESE B. TUCKER, J.**